**UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CIMAR (UK) LTD.,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>INTELERAD MEDICAL SYSTEMS, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 1:25-cv-02308-AS<br><br>**PROTECTIVE ORDER** |

ARUN SUBRAMANIAN, U.S.D.J.

　　　The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

　　　**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing information and discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1.　　Any person subject to this Order who receives from any other person any information of any kind provided in the pleadings or discovery in this action that is designated as "Confidential" pursuant to the terms of this Order ("Confidential Material") shall not disclose such Confidential Material to anyone else except as expressly permitted hereunder.

2.　　The person producing or serving any given Confidential Material may designate as Confidential only such portion of such material as consists of:

      a.    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

      b.    previously nondisclosed material relating to ownership or control of any non-public company;

      c.    previously nondisclosed business plans, product development information, marketing plans, sensitive and commercially private information about the contractual obligations between the parties, the parties' existing and potential customer or client lists, identifying and other information about the parties' existing customers or clients or potential customers or clients, the parties' contracts and other obligations with existing customers or clients, pricing data, and information regarding the coding, programming, and backend IT infrastructure and nomenclature of the software and related IT systems at issue in this action;

      d.    any information of a personal or intimate nature regarding any individual, including patient medical information;

      e.    information that the serving party is obligated to keep confidential and protected from disclosure by any U.S. or international statute, regulation or otherwise, or

      f.    any other category of information hereinafter given confidential status, including information ordered sealed, by the Court.

3.    With respect to the Confidential portion of any Confidential Material other than deposition transcripts and exhibits, the producing or serving person or that person's

    counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing or serving for future public use another copy of said Confidential Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing or serving person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.     If at any time prior to the trial of this action, a producing or serving person realizes that some portion(s) of Confidential Material that that person previously produced or served without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Confidential Material will thereafter be treated as Confidential under the terms of this Order.

5.     No person subject to this Order other than the producing or serving person shall disclose any of the Confidential Material designated by the producing or serving person as Confidential to any other person whomsoever, except to:

    a.     the parties to this action;

    b.     counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

    c.     as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

      d.    any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      e.    any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

      f.    stenographers engaged to transcribe depositions conducted in this action;

      g.    any mediator or arbitrator engaged by the named parties in connection with this action; and

      h.    the Court and its support personnel.

6.    Following the issuance of the instant Protective Order, all further Confidential Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Material itself, and not text that in no material way reveals the Confidential Material.

7.    Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only"

in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

8. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Confidential Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9. Each person who has access to Confidential Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material, including by maintaining those materials in a reasonably secure manner. The protections conferred by this Order cover not only the Confidential Material itself, but also any information copied or extracted therefrom, as well as copies, excerpts, summaries, or compilations thereof.

10. If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the producing or serving party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Confidential Material; (c)

        inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party

to request an in-camera review of the Inadvertently Disclosed Information.

16. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Material, and all copies thereof, shall be promptly returned to the producing or serving person, or, upon permission of the producing or serving person, destroyed.

17. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

18. This Order shall not prevent any party from applying to the Court for further or additional protective orders, for the modification of this Order, or from agreeing with the other parties to modify this Order, subject to the Court's approval.

**SO STIPULATED AND AGREED.**

| | |
|---|---|
| *Wendy Dickieson* | /s/ Joseph A. Patella |
| Christopher N. LaVigne | Joseph A. Patella |
| Christopher.lavigne@withersworldwide.com | Joseph.patella@wbd-us.com |
| Wendy Dickieson | WOMBLE BOND DICKINSON (US) LLP |
| Wendy.dickieson@withersworldwide.com | 950 Third Avenue |
| WITHERS BERGMAN LLP | Suite 2400 |
| 430 Park Avenue, 10th Floor | New York, NY 10022 |
| New York, New York, 10022-3505 | |
| T: 212 848 9882 | |
| | |
| *Counsel for Plaintiff Cimar (UK) Ltd.* | *Counsel for Defendant Intelerad Medical Systems, Inc.* |
| | |
| Dated: April 2, 2025 | Dated: April 2, 2025 |

**SO ORDERED.**

ARUN SUBRAMANIAN, U.S.D.J.

Dated: April 3, 2025
New York, New York

**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CIMAR (UK) LTD.<br><br>         Plaintiff,<br><br>  v.<br><br>INTELERAD MEDICAL SYSTEMS, INC.,<br><br>         Defendant. | Case No. 1:25-cv-02308-AS<br><br>**NON-DISCLOSURE AGREEMENT** |

  I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Confidential Material. I agree that I will not disclose such Confidential Material to anyone other than for purposes of this litigation, will not copy or use for purposes other than for this action any Confidential Material, and that at the conclusion of the litigation I will return all Confidential Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____, 2025            _____