# withers Bergman LLP

430 Park Avenue, 10th Floor, New York, New York 10022-3505
t: +1 212 848 9800
f: +1 212 848 9888
www.withersworldwide.com

April 7, 2025

**VIA ECF**

Hon. Arun Subramanian
United States District Court Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

*The request is GRANTED. The Clerk of Court is directed to terminate the motion at Dkt. 9.*

*SO ORDERED.*

*Arun Subramanian, U.S.D.J.*
*Dated: April 8, 2025*

RE: *Cimar (UK) Ltd. v. Intelerad Medical Systems, Inc.*, No. 25-cv-2308-AS, Plaintiff's Letter Motion to File Under Seal an Unredacted Motion for Preliminary Injunctive Relief and Publicly File a Redacted Version of the Same

Dear Judge Subramanian:

We represent Plaintiff Cimar (UK) Ltd. ("Cimar") in this action against Defendant Intelerad Medical Systems, Inc. ("Intelerad"). Pursuant to Your Honor's Individual Rule of Practice 11(C)(iii), Cimar respectfully moves to file a redacted version of its Motion for Preliminary Injunctive Relief and supporting declarations (together, "PI Motion") on the public docket, and to file an unredacted version under seal.

Cimar initiated this action by filing a Motion for Leave to (1) File Under Seal the Unredacted Complaint and (2) Publicly File the Redacted Complaint (*Cimar (UK) Ltd. v. Intelerad Medical Systems, Inc.*, No. 1:25-mc-00109, ECF No. 1, March 14, 2025) ("Initial Redaction Motion"). Judge Koeltl granted the Initial Redaction Motion (No. 1:25-mc-00109, ECF No. 4), and Cimar filed the redacted Complaint on this docket (ECF No. 1) and the unredacted Complaint under seal (ECF No. 3). For the same reasons Cimar redacted portions of the Complaint, Cimar seeks to file its PI Motion with narrow redactions and file an unredacted version under seal. Per Your Honor's Individual Practice Rule 11.C.i., we met and conferred via email with counsel for Intelerad about Cimar's proposed redactions. Intelerad's counsel indicated he would provide an answer by Monday, April 7. As of this filing, Cimar has not received a response.

Cimar and Intelerad are parties to a License & Services Agreement regarding software (the "Software") used for medical image sharing on the cloud. Cimar alleges Intelerad stole Cimar's confidential trade secrets and used them to spread misinformation about Cimar and to underbid Cimar to Cimar's customers. Cimar asserts contract, tort, and federal trade secret claims against Defendant. Cimar's PI Motion includes highly sensitive and private information about Cimar's customers, its IT infrastructure, its customer contractual obligations, and its actions taken to mitigate the ongoing, irreparable harms caused by Defendant's actions. Publicizing this information would harm Cimar's competitive position and its customer

Hon. Arun Subramanian
April 7, 2025

relationships and compound the harms already sustained from Defendant's actions, which would defeat the purpose of this action and would put Cimar's customers' health data at risk of data breach.

The Second Circuit has articulated a three-part test to determine whether documents should be redacted or placed under seal. The first question is whether the document is "a judicial document subject to the [presumed] right of public access." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Second, the Court must weigh the presumption of access by assessing "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id*. Third, the Court must balance against that presumption any "competing considerations" such as "the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Id*. at 120. Redaction is justified if "sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." *Id*. at 124.

As detailed herein (and in the sealed Initial Redaction Motion),[1] the harm to Cimar if required to publicly file its unredacted PI Motion outweighs the presumption of public access. **First**, pleadings in civil litigation, including memoranda of law supporting legal motions, "are plainly judicial documents." *Sylvania v. Ledvance LLC*, 2021 WL 412241, at *1 (S.D.N.Y. Feb. 5, 2021). **Second**, "the weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *U.S. v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Here, on the "continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance," *id.*, Cimar's requested redactions fall plainly on the latter end of the spectrum. The requested redactions relate primarily to Cimar's private contractual obligations to its healthcare provider customers (*i.e.*, innocent non-parties to this litigation). There is little need for the public to know the identities of Cimar's customers, the legal and security obligations applicable to Cimar and its customers, or the specific details of Cimar's IT infrastructure. The crux of the Complaint, on the other hand, is focused on Defendant's contractual obligations to Intelerad and Intelerad's actions taken to disrupt and undermine Cimar.

Third, "competing considerations" weigh in favor of Cimar's and its customers privacy and datay security interests. *Lugosch*, 435 F.3d at 120. "[T]he protection of 'proprietary business information, such as internal analyses, business strategies, or customer negotiations'" is a "'higher value' or 'countervailing factor' that can prevail over the presumption of public access." *CBF Industria de Gusa S/A v. AMCI Holdings, Inc.*, 2021 WL 4135007, at *4 (S.D.N.Y. Sept. 10, 2021) (internal citations omitted). These considerations are heightened here, because Cimar and its customers are legally obligated to protect their patients' private and confidential healthcare information. The PI Motion includes information about Cimar's customers (*see* PI Motion at 6, 7), as well as descriptions of Cimar's business and legal obligations to its customers and Defendant's conduct impacting these obligations, including information about Cimar's cybersecurity, Software architecture and version code, and other non-public IT information. (*See id.* at 1, 2, 3, 4, 7, 8, 9, 10, 12, 13, 14, 21, 22, 23, 24, 25, 26.) The "disclosure of this confidential business information

---

[1] Because the Initial Redaction Motion was filed under seal, it contains more specific detail about the reputational, competitive, and legal harms justifying the redactions in the publicly filed Complaint.

would subject [the party] to a competitive disadvantage," weighs in favor of granting a motion to file with redactions. *W.J. Deutsch & Sons Ltd. v. Diego Zamora, S.A.*, 2022 WL 890184, at *2-3 (S.D.N.Y. Mar. 25, 2022); *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 2008 WL 199537, at *8 (S.D.N.Y. Jan. 22, 2008), *aff'd* 347 Fed. App'x 615 (2d Cir. 2009). The Complaint and PI Motion seek to ameliorate the competitive harm caused by Defendant's actions and ensure Cimar's continued seamless client service. If the information redacted is made public, it would further allow Defendant to undermine Cimar's business. This would sabotage this action before merits adjudication. *Amodeo*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts.").

Additionally, publication of information about Cimar's cybersecurity, Software architecture and version code would subject Cimar and its customers to cybersecurity risks, which are heightened here because any data breach here will expose individuals' private health information.[2] *See* Drew Danner, *Guide to Cybersecurity in the Healthcare Industry: Regulations & Best Practices* (2025) ("[The] growing dependence on electronic health records (EHRs), Internet of Medical Things (IoMT) devices, and cloud-based systems has made healthcare organizations prime targets for cyber threats."). Where, as here, judicial documents implicate the interests of innocent third parties, courts favor redaction. *PharmacyChecker.com LLC v. Nat'l Ass'n of Bds. of Pharmacy*, 2022 WL 4956050, at *3 (S.D.N.Y. Aug. 26, 2022). Redaction to "[protect] a company's IT information fits comfortably within other 'higher values' consistently recognized by courts in this Circuit, such as the protection of 'sensitive business information.'" *CBF Industria de Gusa S/A*, 2021 WL 4135007, at *4 (quoting *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *2 (S.D.N.Y. Sept. 30, 2020) ("[T]he need to protect a party from a cyber security attack may be a legitimate basis to rebut the public's presumption of access to judicial documents.")); *In re Am. Realty Cap. Properties, Inc. Litig.*, 2019 WL 11863704, at *1 (S.D.N.Y. Mar. 25, 2019) ("[I]nformation about . . . software that could be used to copy the program's structure or functions are more deserving of protection.").

Finally, Cimar's proposed redactions are minimal and narrowly tailored, and would not inhibit the public's understanding of the case or the injunctive relief Cimar seeks. *See Amodeo*, 71 F.3d at 1048 (discouraging "redactions [that] are so extensive" that the redacted document "would provide little meaningful information to the public"). Cimar seeks to redact solely confidential information about its customers and confidential information about Cimar's particular IT and cybersecurity obligations to its customers. *Gardner v. Newsday, Inc.*, 895 F.2d 74, 76 (2d Cir. 1990) (redacting nonparty company names, as they were "innocent third parties"); *see also Bakemark USA LLC v. Negron*, 2024 WL 379875, at *2 (S.D.N.Y. Feb. 1, 2024) (where the "information [moving parties] seek to redact is not particularly relevant to the parties' dispute and contains relatively recent and sensitive commercial information, and the proposed redactions are 'narrowly tailored to protect only the information that cannot be disclosed without causing competitive harm,'" targeted redactions are appropriate) (omitting internal citations).

For these reasons, Cimar respectfully requests that the Court grant its request to file its PI Motion with redactions and to file the unredacted version under seal.

---

[2] This information is subject to strict data privacy protection laws, including the UK and EU GDPR, and is a "subject matter [which] is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051.

Hon. Arun Subramanian
April 7, 2025

| | |
|---|---|
| Dated: April 7, 2025<br>New York, New York | Respectfully submitted,<br><br>*[signature]*<br><br>_____<br>Christopher N. LaVigne<br>Wendy Dickieson<br>WITHERS BERGMAN LLP<br>430 Park Avenue, 10th Floor<br>New York, New York, 10022-3505<br>T: 212 848 9882<br><br>*Counsel for Plaintiff Cimar (UK) Ltd.* |