**withers Bergman** LLP

430 Park Avenue, 10th Floor, New York, New York 10022-3505
t: +1 212 848 9800
f: +1 212 848 9888
www.withersworldwide.com

May 21, 2025

**VIA ECF**

Hon. Arun Subramanian
United States District Court Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

> The request is GRANTED. The Clerk of Court is directed to terminate the motion at Dkt. 34.
>
> SO ORDERED.
>
> Arun Subramanian, U.S.D.J.
> Dated: May 22, 2025

RE: *Cimar (UK) Ltd. v. Intelerad Medical Systems, Inc.*, No. 25-cv-2308-AS, Plaintiff's Letter Motion to File Under Seal an Unredacted Reply in Further Support of its Motion for Preliminary Injunctive Relief and Publicly File a Redacted Version of the Same

Dear Judge Subramanian:

We represent Plaintiff Cimar (UK) Ltd. ("Cimar") in this action against Defendant Intelerad Medical Systems, Inc. ("Intelerad"). Pursuant to Your Honor's Individual Rule of Practice 11(C)(iii), Cimar respectfully moves to file a redacted version of its Reply in Further Support of its Motion for Preliminary Injunctive Relief and supporting declarations (together, "PI Reply") on the public docket, and to file an unredacted version under seal. On April 7, 2025, Cimar filed a letter motion to file a redacted version of its Motion for Preliminary Injunctive Relief and supporting declarations ("PI Motion") on the public docket, and to file an unredacted version under seal (ECF Dkt. No. 9). Your Honor granted that motion (ECF Dkt. No. 21) and similarly granted Intelerad's request to publicly file a redacted version of its Opposition to Plaintiff's Motion for Preliminary Injunctive Relief (ECF Dkt. No. 33).

For the same reasons set out in Cimar's April 7 letter motion seeking to redact portions of its PI Motion, Cimar seeks to file its PI Reply with the same narrow redactions previously approved by the Court and to file an unredacted version under seal. Specifically, Cimar seeks to redact confidential information about its customers (including information concerning the agreements between Cimar and its customers) and confidential information about Cimar's particular IT and cybersecurity obligations to its customers. Cimar's proposed redactions to the PI Reply are minimal and narrowly tailored, and will not inhibit the public's understanding of the case or the injunctive relief Cimar seeks.

Per Your Honor's Individual Practice Rule (11)(C)(i), we met and conferred via email with counsel for Intelerad about Cimar's proposed redactions. Counsel for Intelerad does not object to Cimar's request to redact confidential customer information, but does object to Cimar's request to redact Cimar's IT and cybersecurity obligations to its customers on the grounds that Cimar purportedly included references to Software architecture and version code, and other information related to IT, in the PI Motion. Putting aside

that Cimar's cybersecurity obligations to its clients are much broader than Software architecture and code, this is simply an incorrect statement. Further, as noted above, the Court has twice granted the relief sought in this letter, including most recently upon Intelerad's request. (*See* ECF Dkt. No. 33 (granting Intelerad's request to redact names of Cimar's customers, status of the "software version," information regarding "agreements between Cimar and their customers," and any reference to redacted portions of Cimar's Complaint).)

For these reasons, Cimar respectfully requests that the Court grant its request to file its PI Reply with redactions and to file the unredacted version under seal.

Dated: May 21, 2025
New York, New York

Respectfully submitted,

_____
Christopher N. LaVigne
Wendy Dickieson
WITHERS BERGMAN LLP
430 Park Avenue, 10th Floor
New York, New York, 10022-3505
T: 212 848 9882

*Counsel for Plaintiff Cimar (UK) Ltd.*

2.